| STATE OF NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE |
| --- | --- |
| | SUPERIOR COURT DIVISION |
| COUNTY OF DURHAM | FILE NO. _____ |

| | |
| --- | --- |
| RACHEL MOSSER, on behalf of themselves and all other similarly situated individuals, | ) ) ) ) |
| Plaintiff, | ) **CLASS ACTION COMPLAINT** ) ) **[JURY TRIAL DEMANDED]** ) |
| v. | ) ) |
| FIDELITY NATIONAL INFORMATION SERVICES, INC., | ) ) ) |
| Defendants. | ) |

**NOW COMES** Plaintiffs Rachel Mosser ("Plaintiff"), by and through her undersigned counsel, hereby asserting this Class Action Complaint against Defendant Fidelity National Information Services, Inc. ("Fidelity" or "Defendant") alleging and saying as follows:

## NATURE OF THE ACTION

1. This is a consumer protection action brought by Plaintiff and others similarly situated to obtain redress from Defendant's unlawful conduct in denying Capital One[1] account holders access to their funds and/or otherwise misappropriating enormous sums of money from the bank accounts of more than 4,000 consumers.

2. Defendant participated in the unauthorized denial or misappropriation of millions of dollars of funds from Capital One's account holders. This led to consumers, such as Plaintiff, having reduced (or zero) purchasing power while they waited for Defendant to correct its errors.

3. Defendant Fidelity is a third-party Financial Technology ("FinTech") company that, upon information and belief, participated in the unauthorized denial of consumers' funds in Capital One's customers bank accounts.

4. This class action is filed pursuant to Rule 23 of the North Carolina Rules of Civil Procedure on behalf of all consumers who were denied access to their bank accounts beginning in or around January 15, 2024.

---

[1] "Capital One" refers to Capital One Financial Corporation, Capital One, N.A., and/or Capital One Bank (USA), N.A.

## PARTIES

### Plaintiff

5. Plaintiff Rachel Mosser is a citizen and resident of the State of North Carolina and is neither an infant, incompetent, nor in the military service of the United States of America.

### Defendant

6. Defendant Fidelity National Information Services, Inc. is a corporation organized and existing under and by virtue of the laws of the State of Georgia, with a principal place of business in Jacksonville, Florida.

## JURISDICTION AND VENUE

7. The foregoing allegations are incorporated by reference and realleged herein.

8. Jurisdiction is proper in this Court pursuant to N.C.G.S. § 90-411 and N.C.G.S. § 75-16.

9. Venue in the Superior Court of Durham County is proper pursuant to N.C.G.S. § 1-80.

## FACTUAL ALLEGATIONS

10. The foregoing allegations are hereby incorporated by reference as if fully restated herein.

### General Overview

11. On or about January 16, 2025, Capital One notified its customers of a systemwide problem with its accounts impacting consumers' ability to access the funds in their accounts and to make deposits (including direct deposits of consumers' paychecks), purchases, payments, and transfers.

12. According to Capital One, the problem was caused either directly or indirectly by its FinTech provider, Defendant Fidelity.

13. Capital One utilizes Fidelity as its FinTech provider to, upon information and belief, provide various services related consumers' ability to access funds in their Capital One accounts and to make deposits (including direct deposits of consumers' paychecks), purchases, payments, and transfers.

14. According to Fidelity, the problem was caused by a local power outage affecting a single data center.

15. The loss of access to account funds and services has caused major problems for Capital One customers, including the inability to access paychecks and pay for their household bills. The loss of access to account funds and services also resulted in significant late fees being assessed to Class members.

## Plaintiff's Facts

16. Plaintiff Mosser has a Capital One account and has her wages directly deposited into this account every other week.

17. These wages are consistently available on Thursday mornings. However, on Thursday, January 16, 2025, when Plaintiff Mosser logged into her online back account to review the direct deposit from her employer, she found that her paycheck was not reflected in her account.

18. Plaintiff Mosser has bills and other amounts that are subject to automatic transfers and payments; some of which were scheduled to be withdrawn on January 16 or January 17, 2025.

19. Plaintiff Mosser was left without purchasing power while Defendant's failures were investigated.

20. Upon information and belief, at least four thousand similarly situated consumers also experienced similar problems caused by Defendant.

21. Defendant failed to have measures in place to ensure that consumers were not improperly denied access to their Capital One accounts.

22. Defendant failed to have measures in place to identify significant abnormalities in its operating systems to ensure that consumers had access to their accounts.

23. Defendant failed to build sufficient redundancies into their critical software infrastructure.

24. Defendant utilized systems that were highly vulnerable to a single data center failure.

25. Defendant utilized improper, cheaper systems with more vulnerabilities, less redundancies, and less resiliencies.

26. As a result of the foregoing, Plaintiff and Class Members have experienced anxiety, stress, anger, frustration, and mental anguish which is fairly traceable to Defendant's unauthorized and unlawful conduct.

27. Upon information and belief, Defendant was unjustly enriched by accruing interest on Plaintiff and Class members' funds during a period when Plaintiff and Class Members were unable to access their own funds.

28. As a result of the foregoing, Defendant, *inter alia*, violated consumers' substantive rights to be able to make informed decisions regarding their finances, caused their borrowers to be charged late fees or other fees, and caused their borrowers to have limited purchase power while they were barred from accessing their accounts.

## COMMON CLASS ALLEGATIONS

29. The foregoing allegations are hereby reincorporated by reference as if fully restated herein.

30. Pursuant to Rule 23 of the North Carolina Rules of Civil Procedure, Plaintiff brings this action individually and on behalf of the proposed Classes:

**The NC Class**

All North Carolina consumers who held a Capital One account serviced by Fidelity and were denied access to their accounts on or around January 15, 2025 through January 21, 2025.

**The Nationwide Class**

All consumers who held a Capital One account serviced by Fidelity and were denied access to their accounts on or around January 15, 2025 through January 21, 2025.

31. Excluded from the proposed Classes are: (a) any Judge or Magistrate presiding over this action and members of their families; (b) Defendant and its officers, directors, and employees; and (c) all persons and entities who properly execute and file a timely request for exclusion from the proposed Classes.

32. *Commonality*: Each and every member of the proposed Classes were subject to common questions of fact and law.

33. *Predominance*: Common questions of law and fact predominate over any individual issues that may be presented because all Class members were subjected to nearly identical factual scenarios; including:

    a. Whether Defendant unlawfully failed to protect and safeguard the accounts of Plaintiff and Class members;

    b. The extent to which Defendant failed to use reasonable procedures, software, or other infrastructure to protect the accounts and the funds of Plaintiff and Class members;

    c. Whether Defendant owed duties to Plaintiff and Class members, and the scope of those duties;

    d. Whether Defendant breached the duties owed to Plaintiff and Class members;

    e. Whether Defendant's conduct was unfair or unlawful;

    f. Whether Plaintiff and Class members have sustained damages as a result of Defendant's conduct alleged herein; and,

    g. The proper measure of damages, restitution, or other monetary amounts that should be awarded to Plaintiff and Class members.

34. *Numerosity*: Plaintiff is unable to provide a specific number of members of the Class because that information is solely in possession of Defendant; however, Capital One estimates approximately 4,000 Class members. The exact number of Class members, including the names and addresses of all Class members, will be easily ascertained through a review of Defendant's business records. The Class is therefore so numerous that joinder of all members would be impracticable.

35. *Typicality*: Plaintiff's claims are typical of the claims of the proposed Classes and are all are based on the same facts and legal theories, as all such claims arise out of Defendant's conduct.

36. *Adequate Representation*: Plaintiff is an adequate representative of the proposed Classes in that she does not have antagonistic or conflicting claims with other members of the class. Plaintiff has retained counsel experienced in the prosecution of complex class action litigation. Neither Plaintiff nor her counsel have any interests that might cause them not to vigorously pursue this action. Plaintiff is aware of her responsibilities to the putative class and has accepted such responsibilities.

37. *Superiority*: A class action is superior to all other available methods for fair and efficient adjudication of this controversy. Plaintiff anticipates no difficulty in managing and maintaining this action as a class action. In contrast to proceeding on a case-by-case basis, in which inconsistent results will magnify the delay and expense to all parties and the court system, this class action presents far fewer management difficulties while providing unitary adjudication, economies of scale and comprehensive supervision by a single court.

## FIRST CLAIM FOR RELIEF
(Negligence)

38. All paragraphs of this complaint are incorporated herein as if fully restated.

39. At all times relevant herein, Defendant had the duty to Plaintiff and Class members to employee and exercise reasonable care in in its work that similarly situated FinTech companies would have under the same or similar circumstances; to conform its actions, as well as those of their agents, representatives, and employees, to applicable law; and to not engage in conduct which is contrary to applicable law or otherwise offends established public policy of the State of North Carolina.

40. Defendant owed duties to Plaintiff and the proposed Class to use reasonable care to protect and secure customer account funds and to allow consistent access to those funds to those accountholders.

41. Defendant was negligent in that it, *inter alia*:

   a. Failed to take proper steps to ensure that consumers can safely and securely access their accounts and their funds;

   b. Failed to adequately supervise their employees, vendors, and/or agents to ensure that their FinTech services were safe, reliable, and trustworthy;

5

    c. Failed to provide customers access to their Capital One accounts, including their funds and Capital One services, for a prolonged period of time causing substantial hardship;

    d. Failed to establish reasonable procedures to ensure that there are not single points of failures resulting in the inability of class members to access their accounts;

    e. Failed to ensure that appropriate risk management guidelines for FinTech third parties were followed;

    f. Failed to use reasonable care in communicating the information about the Capital One system update and restriction of access to customer funds, as well as the safety and security of account funds;

    g. Failed to otherwise act as an ordinarily third-party processor would under the conditions then and there existing as will be shown after discovery and at trial.

42. As a direct and proximate result of the negligent acts and omissions of Defendant, Plaintiff and each member of the proposed Classes have suffered damages.

## SECOND CAUSE OF ACTION
(Unfair and Deceptive Trade Practices (UDTPA), N.C.G.S. § 75-1.1, *et seq.*)

43. The foregoing allegations are hereby reincorporated by reference as if fully restated herein.

44. Defendant's operations with Plaintiff and class members constitute commerce.

45. N.C.G.S. § 75-1.1 (the "UDTPA") prohibits "unfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce."

46. The specific acts by Defendant in unlawfully restricting or prohibiting Plaintiff and other Class members from accessing their funds and other account services are in or affecting commerce.

47. The specific acts by Defendant in unlawfully restricting or prohibiting Plaintiff and Defendant's unfair and deceptive conduct, representations, and omissions, as herein alleged, are all pursuant to policies, practices, and procedures created, adopted, and implemented for everyone in North Carolina.

48. The unfair, deceptive, and misleading actions and conduct of Defendant, as set forth herein, proximately caused economic injuries to Plaintiff and Class members, are in and affecting commerce, and have the capacity to deceive.

49. Plaintiff has been subjected to pecuniary, and non-pecuniary injuries resulting from Defendant's unfair and deceptive conduct.

6

50. Plaintiff and others similarly situated are entitled to recover treble damages and attorney's fees if allowed by the discretion of the Court pursuant to Chapter 75 of the North Carolina General Statutes.

## THIRD CAUSE OF ACTION
(Conversion)

51. The foregoing allegations are hereby reincorporated by reference as if fully restated herein.

52. Plaintiff and Class members own and have a right to possess the money that is in their respective bank accounts.

53. Defendant converted the personal property of Plaintiff and Class members by unlawfully withholding and prohibiting Plaintiff and Class members from accessing their own funds.

54. Plaintiff and Class members never consented to Defendant's unlawful possession and taking of this money from their bank accounts.

55. Defendant's conversion of Plaintiff's and Class members' funds was done with malice, wantonness, and in the presence of other aggravating circumstances. In short, Plaintiff and the Class members trusted Defendant with their financial information and reasonably believed and expected that Defendant would utilize that information appropriately. However, Defendant abused Plaintiff's and Class members' trust by unlawfully withholding and prohibiting Plaintiff and Class members from accessing the funds from their bank accounts, to which Defendant was not entitled.

56. At the time they converted the funds of Plaintiff and Class members, Defendant knew that it was not authorized to exercise of ownership, possession, custody, and control over those funds.

57. Defendant engaged in the unauthorized assumption and exercise of the right of ownership over funds in the bank accounts of Plaintiff and Class members to the exclusion of the respective account owners' rights.

58. Thus, Plaintiff and the Classes were denied access to funds in their accounts and their right to dominion over their personal property was wrongfully violated by Defendant.

59. Defendant's conversion of personal property from Plaintiff and Class members was accompanied by aggravated conduct (i.e., it was done to more than 4,000 account holders, it affected financially vulnerable persons).

60. Defendant's conversion of personal property from Plaintiff and Class members was fraudulent, willful or wanton conduct that demonstrated indifference to the rights and safety of others; and Defendant knew or should have known the conduct was reasonably likely to result in harm to Plaintiff and class members.

7

61. Plaintiff and others similarly situated are entitled to recover compensatory and punitive damages pursuant to N.C.G.S. § 1D-15 as a result of Defendant's conversion.

## FOURTH CAUSE OF ACTION
Trespass to Chattels

62. The foregoing allegations are hereby reincorporated by reference as if fully restated herein.

63. The tort of trespass to chattels is a trespass to personal property based on an injury to possession. The tort of trespass to chattels addresses even minor and unimportant dispossessions that do not amount to conversion, and allows recovery of damages for the interference with the possession.

64. Here, Plaintiff and Class members had constructive possession over the monies in their bank accounts.

65. In prohibiting Plaintiff and Class members from accessing their funds and accounts, Defendant unlawfully dispossessed Plaintiff and Class members of these funds and interfered with their right of possession.

66. The dispossessed funds at issue had a specific source and a specific destination and were specific in amount.

67. Defendant's unlawful interference with Plaintiff's and Class members' possessory interest in those funds was done with malice, wantonness, and in the presence of other aggravating circumstances. In short, Plaintiff and the Class members trusted Defendant with their financial information and reasonably believed and expected that Defendant would utilize that information appropriately. However, Defendant abused Plaintiff's and Class members' trust by unlawfully withholding and prohibiting Plaintiff from accessing the funds from their bank accounts, to which Defendant was not entitled.

68. At the time it dispossessed Plaintiff and Class members of their funds, Defendant knew that Plaintiff and Class members had not authorized, consented to, or approved of Defendant's exercise of possession, custody, and control over those funds.

69. Despite knowing the trust that Plaintiff and the Class members put in Defendant, the financial consequences that its actions would have on Plaintiff and Class members, and the emotional distress that those actions would cause Plaintiffs and Class members to endure, Defendant nonetheless dispossessed monies that were needed by Plaintiff and Class members for other common household expenses and financial obligations.

70. Therefore, in unlawfully acquiring possession of the funds at issue in this case, Defendant acted with malice and wantonness, and in the presence of other aggravating circumstances.

71. As a direct and proximate result of Defendant's conduct, Plaintiff and Class members suffered mental and emotional anguish, as well as other economic and non-economic damages.

8

Case 1:25-cv-00169-WO-JLW    Document 4    Filed 03/04/25    Page 8 of 9

**WHEREFORE**, Plaintiff respectfully prays the Court for the following relief:

1. Certifying this action as a class action as provided by Rule 23 of the North Carolina Rules of Civil Procedure, appointing Plaintiff as class representatives, and appointing the undersigned as Class Counsel;

2. Adjudging that Defendant is liable under the causes of actions asserted above, and awarding Plaintiff and the Class members the damages to which they are entitled;

3. Awarding Plaintiff and all Class members their reasonable attorneys' fees and costs incurred;

4. That the compensatory damages of Plaintiff and the Class members be trebled by the Court pursuant to Chapter 75 of the North Carolina General Statutes;

5. For punitive damages to the extent allowed by law;

6. That the costs of this action be taxed to Defendant;

7. For a trial by jury on all issues so triable; and,

8. For such other and further relief as the Court deems just and proper.

Respectfully submitted this the 23rd day of January, 2025.

        MILBERG COLEMAN BRYSON
        PHILLIPS GROSSMAN, PLLC

        */s/ Scott C. Harris*
        Scott C. Harris (NC State Bar No. 35328)
        Kathryn A. Robinson (NC State Bar No. 61092)
        900 W. Morgan St.
        Raleigh, NC  27603
        Telephone: (919)600-5000
        sharris@milberg.com
        krobinson@milberg.com

        MAGINNIS HOWARD
        Edward H. Maginnis (NC State Bar No.: 39317)
        Karl S. Gwaltney (N.C. State Bar No.: 45118)
        7706 Six Forks Road, Ste. 101
        Raleigh, NC 27615
        Telephone: (919) 526-0450
        Facsimile: (919) 882-8763
        emaginnis@carolinalaw.com
        kgwaltney@carolinalaw.com

        *Attorneys for Plaintiffs*