IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| RACHEL MOSSER, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FIDELITY NATIONAL INFORMATION SERVICES, INC.<br><br>Defendant. | 1:25-CV-169 |

**ORDER**

Rachel Mosser filed this action alleging claims of negligence, unfair and deceptive trade practices, conversion, and trespass to chattels against Defendant Fidelity National Information Services, Inc. ("FIS"), arguing that FIS's failure to prevent a power outage at a data center prevented Mosser from receiving and viewing transfers in her Capital One checking account for two days. (D.E. 17.) FIS filed a motion to dismiss all claims pursuant to Rule 12(b)(6). (D.E. 19.) For the reasons that follow, the motion to dismiss is granted.

To withstand a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In other words, the complaint's factual allegations must "raise a right to relief above the speculative level, thereby nudging the claims across the line from conceivable to plausible." *Evans v. United States*, 105 F.4th 606, 616 (4th Cir. 2024) (quoting *Bazemore v. Best Buy*, 957 F.3d 195, 200 (4th Cir. 2020)).

In its assessment, the "court must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor." *Langford v. Joyner*, 62 F.4th 122, 124 (4th Cir. 2023). But it need not accept "as true a complaint's legal conclusions, 'unwarranted inferences, unreasonable

conclusions, or arguments.'" *Seabrook v. Driscoll*, 148 F.4th 264, 269 (4th Cir. 2025) (quoting *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008)).

## I. Negligence

Under North Carolina law, "to establish actionable negligence, a plaintiff must show that: (1) the defendant failed to exercise due care in the performance of some legal duty owed to the plaintiff under the circumstances; and (2) the negligent breach of such duty was the proximate cause of the injury." *Est. of Long by & through Long v. Fowler*, 388 N.C. 308, 314 (2025) (quoting *Cedarbrook Residential Ctr., Inc. v. N.C. Dep't of Health & Hum. Servs.*, 383 N.C. 31, 61 (2022)).

"It is fundamental that actionable negligence is predicated on the existence of a legal duty owed by the defendant to the plaintiff." *Derwort v. Polk Cty.*, 129 N.C. App. 789, 791 (1998). A duty is an "obligation, recognized by the law, requiring the person to conform to a certain standard of conduct, for the protection of others against unreasonable risks." *Davis v. N. Carolina Dept. of Human Resources*, 121 N.C. App. 105, 112 (N.C. App. 1995) (internal citation omitted). Whether such a duty exists depends on the relationship between the parties. *Eisenberg v. Wachovia Bank, N.A.*, 301 F.3d 220, 224–225 (4th Cir. 2002).

Mosser alleges that FIS "had [a] duty to [Mosser] to employee and exercise reasonable care in its work that similarly situated FinTech companies would have under the same or similar circumstances." (D.E. 17, ¶ 85.) However, Mosser fails to identify any legally recognized duty that FIS owed to her or to allege facts establishing a relationship giving rise to such a duty. While Mosser complains that FIS did not "use reasonable care to protect and secure customer account funds and [] allow consistent access to those funds to those accountholders" (D.E. 17, ¶ 86), she does not allege why that duty rests with FIS rather than Capital One. (*See* D.E. 17, ¶ 12 ("[a]ccording to Capital One, the problem was caused either directly or *indirectly* by Defendant FIS, a FinTech vendor.") (emphasis added).) Because Mosser has not plausibly alleged that FIS owed her a cognizable duty, her negligence claim is dismissed.

## II. Unfair and Deceptive Trade Practice ("UDTPA")

A party asserting a UDTPA claim under Section 75-1.1 must allege: "(1) an unfair or deceptive act or practice, (2) in or affecting commerce, and (3) which proximately caused injury to plaintiffs." *Walker v. Fleetwood Homes of N. Carolina, Inc.*, 362 N.C. 63, 71–72 (2007) (quoting *Gray v. N. Carolina Ins. Underwriting Ass'n,* 352 N.C. 61, 68 (2000)). An act is deceptive "if it has the capacity or tendency to deceive" and unfair "when it offends established public policy as well as when

the practice is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers." *Marshall v. Miller*, 302 N.C. 539, 548 (1981).

Mosser alleges that "the specific acts by [FIS] in unlawfully restricting or prohibiting [her] from accessing funds paid for her benefit" and "[FIS]'s unfair and deceptive conduct, representations, and omissions, as herein alleged," constitute unfair and deceptive practices. (D.E. 17, ¶ 94.) However, she does not plausibly allege that FIS's failure to prevent a power outage at a data center had the capacity or tendency to deceive consumers, violated established public policy, or was immoral, unethical, oppressive, unscrupulous, or *substantially* injurious to consumers. Since this Court does not have to accept Mosser's unsupported legal conclusions as true, the Court dismisses Mosser's UDTPA claim.

### III. Conversion and Trespass to Chattels

Conversion and trespass to chattels as intentional torts require an actual or constructive intent to injure. *Lynn v. Burnette*, 138 N.C. App. 435, 441 (2000); *see also Jones v. Willamette Indus., Inc.*, 120 N.C. App. 591, 594 (1995).

Mosser alleges that while FIS did not have actual intent to commit conversion and trespass to chattels, it had constructive intent. (*See* D.E. 23, pp. 14–16.) "Constructive intent to injure, which may provide the mental state necessary for an intentional tort, exists where conduct threatens the safety of others and is so reckless or manifestly indifferent to the consequences that a finding of willfulness and wantonness equivalent in spirit to actual intent is justified." *Lynn*, 138 N.C. App. at 441 (internal citation omitted).

The North Carolina General Assembly has statutorily defined "willful or wanton conduct" as "the conscious and intentional disregard of and indifference to the rights and safety of others, which the defendant knows or should know is reasonably likely to result in injury, damage, or other harm." N.C. Gen. Stat. § 1D–5(7). "An act is willful when there is a deliberate purpose not to discharge a duty, assumed by contract or imposed by law, necessary for the safety of the person or property of another." *Lashlee v. White Consol. Indus., Inc.*, 144 N.C. App. 684, 694, *disc. review denied*, 354 N.C. 574, (2001). "A wanton act is an act done with a 'wicked purpose or ... done needlessly, manifesting a reckless indifference to the rights of others.'" *Id*. 693–94 (quoting *Benton v. Hillcrest Foods, Inc*., 136 N.C. App. 42, 51 (1999)).

Mosser alleges that FIS's failure to implement measures to ensure that consumers would not be improperly denied access to their bank accounts and use of "improper, unjustifiably cheap systems with more vulnerabilities, fewer redundancies, and less resiliency than are required by industry standards" was

fraudulent, willful, and wanton. (D.E. 17, ¶¶ 108, 115.) However, Mosser fails to plausibly allege that FIS *deliberately* failed to discharge a duty assumed by contract or imposed by law, nor does she allege facts that suggest FIS acted with a wicked purpose or reckless indifference to the rights of others. Therefore, these facts, even taken as true, are insufficient to show that FIS's conduct was willful or wanton. Accordingly, Mosser's claims for conversion and trespass to chattels are dismissed.

Consequently, it is ORDERED that the motion to dismiss (D.E. 19) is GRANTED and this case is DISMISSED without prejudice.

A Judgment dismissing this action will be entered contemporaneously with this Order.

This the 12th day of June, 2026.

*/s/ David A. Bragdon*
United States District Judge